**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4716**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FRUIKWAN DION-RASHAR STEWART, a/k/a Taliban,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:19-cr-00097-FL-1)

Submitted: May 3, 2021                          Decided: May 14, 2021

Before KING and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Thomas Crosby, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fruikwan Dion-Rashar Stewart appeals his 84-month sentence imposed following his guilty plea to possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Stewart contends that the district court clearly erred in calculating the quantity of drugs attributable to him. Stewart further argues that the court violated his right to due process by utilizing a preponderance of the evidence standard in considering the conduct relevant to the calculation of the drug weight.[*] We affirm.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Williamson*, 953 F.3d 264, 272 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 638 (2020). Under this standard, we will not reverse unless "we are left with the definite and firm conviction that a mistake has been committed." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). "Under the [Sentencing] Guidelines, the drug quantities that may be attributed to the defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015). Relevant conduct includes

---

[*] Stewart also briefly argues that the district court did not adequately explain the sentence imposed. To the extent Stewart attempts to challenge the procedural reasonableness of his sentence beyond his arguments relating to the calculation of the drug weight properly attributable to him, he has waived this argument by failing to explain or develop it. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (brackets and internal quotation marks omitted)).

2

all "acts and omissions . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A) (2018). For some offenses, like the drug offense for which Stewart was convicted, relevant conduct also includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). This "often includes a broader range of conduct than the conduct underlying the offense of conviction." *United States v. Young*, 609 F.3d 348, 358 (4th Cir. 2010).

At Stewart's sentencing hearing, the district court heard testimony from the Government's witness about several different drug transactions that Stewart conducted between May 2018 and the January 2019 transactions underlying Stewart's conviction. Upon review of the record, the evidence upon which the probation officer calculated the drug quantity attributable to Stewart, and the parties' arguments, we find no clear error. We similarly find no error in the court's use of a preponderance of the evidence standard in evaluating this evidence. *See United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008) ("Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum . . . .").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*